**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>                *Plaintiff*,<br><br>   v.<br><br>JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States,<br><br>                *Defendant*. | Case No. 1:24-cv-1911 (ABJ) |

# Exhibit B



U.S. Department of Justice

Office of Legislative Affairs

---

*Office of the Assistant Attorney General*           *Washington, DC 20530*

The Honorable Jim Jordan
Chairman
Committee on the Judiciary
U.S. House of Representatives
Washington, DC 20515

Dear Chairman Jordan:

    The Department of Justice (Department) is in receipt of your January 6, 2025, letter and new subpoena seeking the production of the audio recordings of Special Counsel Robert K. Hur's interviews of President Joseph R. Biden and Mark Zwonitzer.

    The January 6, 2025, subpoena seeks the same audio recordings as a subpoena from the prior Congress dated February 27, 2024. As you know, the Department has already made substantial and good-faith efforts to produce a high volume of information responsive to your interest in Special Counsel Hur's investigation. In addition to providing the Special Counsel's report and facilitating the Special Counsel's testimony, the Department has already produced documents responsive to each of the four requests in the February 27, 2024, subpoena, including transcripts of the Special Counsel's interviews with the President and Mr. Zwonitzer, correspondence between the Department and counsel for the President, and two requested classified documents identified as "A9" and "A10" in Appendix A of the Special Counsel's report.[1]

    As we explained in our letter dated May 16, 2024, the President asserted executive privilege over the requested audio recordings and made a protective assertion of privilege over any materials responsive to the prior subpoena that had not already been produced. The President directed the Attorney General not to produce the recordings and those other materials. The legal basis for the President's privilege assertion and direction to the Attorney General is described in the Attorney General's letter to the President and the Office of Legal Counsel memorandum accompanying our letters dated May 16 and June 3, 2024, respectively. Because the audio recordings sought in the January 6, 2025, subpoena are the subject of a presidential claim of executive privilege and direction to the Attorney General, the Department remains unable to

---

[1] *See* Letter from Hon. Carlos Uriarte to Hon. Jim Jordan (March 7, 2024); Letter from Hon. Carlos Uriarte to Hon. Jim Jordan (March 12, 2024); Letter from Hon. Carlos Uriarte to Hon. Jim Jordan (Apr. 8, 2024).

The Honorable Jim Jordan
Page 2

produce them.[2] Furthermore, the Department confirmed with the White House Counsel's Office that the privilege assertion and the direction to the Attorney General remain in effect.

    We hope you find this information helpful. Please do not hesitate to contact this office if we may provide additional assistance regarding this or any other matter.

Sincerely,

CARLOS URIARTE
Digitally signed by CARLOS URIARTE
Date: 2025.01.09 20:10:20 -05'00'

Carlos Felipe Uriarte
Assistant Attorney General

cc:

The Honorable Jamie Raskin
Ranking Member
Committee on the Judiciary
U.S. House of Representatives
Washington, DC 20515

---

[2] Your letter states only that you are seeking production of the audio recordings, which is consistent with the House Rules of the 119th Congress that are cited as authority for the subpoena. Letter from Hon. Jim Jordan to Attorney General Merrick Garland (Jan. 6, 2025); H. Res. 5, 119th Cong. § 3 (2025) (describing subpoenas "related to the Special Counsel's audio recordings of interviews with" President Biden and Mr. Zwonitzer). Even if you were to seek other, unspecified materials that the Department has not produced, including materials listed in the January 6, 2025, subpoena itself, the President made a protective assertion of executive privilege with respect to any such materials and that assertion remains operative.